NICHOLS v. STATE.

Ohio Appeals, 3rd Dist., Hardin Co.

No. 192. Decided May 24, 1928.

First Publication of This Opinion

Syllabus by Editorial Staff.

1231. VENUE—333. Criminal Law.

The following questions and answers "Q. In what county did this shooting happen? A. Hardin County. Q. And what state? A. Ohio," held sufficient to prove venue.

Error to Common Pleas.

Judgment affirmed.

Foster E. King, Kenton, for Nichols.
L. B. Brown, Kenton, for State.

FULL TEXT.

Before Judges Crow, Hughes and Justice.
JUSTICE, J.

Lester Nichols was indicted under Section 12420, General Code.

The indictment contains two counts, one charging the shooting of Mike Hickman by Nichols with a pistol, with intent to kill him; and the other, charging the shooting of Mike Hickman by Nichols with a pistol with intent to wound him.

To this indictment, Nichols entered a plea of not guilty. The issue thus made, was tried to a jury, which returned a verdict finding Nichols not guilty of shooting with intent to kill, but guilty of shooting with intent to wound. A

motion for a new trial was overruled and Nichols was sentenced to the penitentiary for a period of one year and to pay the costs of prosecution. Error is prosecuted to this court by Nichols, who seeks a reversal of the judgment of conviction upon two grounds:

1. The failure of the State of Ohio to prove venue.

2. The verdict and judgment are against the manifest weight of the evidence.

As to venue: We quote from page eleven of the bill of exceptions. "Q. In what county did this shooting happen? A. Hardin county. Q. And what state? A. Ohio."

The State of Ohio therefore did offer evidence tending to prove venue as laid in the indictment. The first claimed error, therefore, is not tenable.

Coming now to the second claimed error: Is the verdict against the manifest weight of the evidence? The record discloses that there is a conflict in the oral testimony upon some of the questions at issue. In such a state of the record the case of Breese v. King, 12 OS. 146-156 and kindred cases, are controlling.

Of course, a verdict is not sustained by suficent evidence if, after weighing it, there exists a reasonable doubt as to the guilt of the accused. 3 O. C. C. 630-638. But, in the instant case, we entertain no such doubt. In fact, the verdict, in our opinion, is sustained by abundant evidence. The second claimed error, therefore, is not well taken.

Holding these views, it follows that the judgment of the Court of Common Pleas should be affirmed.